IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.

VÍCTOR A. CASTRILLÓN-MEJÍAS,

Defendant

CRIMINAL 03-270 (JAG)

O R D E R

This matter is before the court on co-defendant Víctor Antonio Castrillón-Mejías' (hereinafter "Castrillón" or "co-defendant") motion in limine to suppress co-conspirator statements, or to hold a <u>James</u> hearing, or sever under Rule 14. (Docket No. 148, June 20, 2005.)  In it, the co-defendant moves to suppress the statement of a co-conspirator, Kamilo Cordero-Batista, which is contained in a Report of Investigation dated November 26, 2003.[1]  Discovery was provided on or before February 14, 2005 but it appears, by way of an informative motion filed on June 20, that the defendant did not receive a copy of the November 26, 2003 report. Oddly, on May 9, 2005, the defendant notified the court of his intention to move to suppress co-defendant statements, and was then given a deadline of May 23, 2005 to file such a motion.[2]  The co-defendant also requests that a hearing be

---

[1] The United States includes this report in its designation of evidence of May 23, 2005.  However, it appears that it was not received prior to the May 23 designation.

[2] In minutes of June 15, 2005, the court set a motions deadline of June 22.

CRIMINAL 03-270 (JAG)                    2

conducted under Rule 104 of the Federal Rules of Evidence to determine the admissibility of the statement and co-defendant's involvement in the alleged conspiracy. In the alternative, co-defendant moves for severance under Rule 14 of the Federal Rules of Criminal Procedure and cites Crawford v. Washington, 54 U.S. 36 (2004) in further support of his request for suppression. Trial is scheduled in four days.

Having considered the arguments of the defendant, the motion is DENIED.

## APPLICABLE LAW AND ANALYSIS

The defendant argues with a textbook focus the requirements for a statement to be admissible under Rule 801(d)(2)(E). The statement of the co-conspirator must have been made during the course and in furtherance of the conspiracy. Citing the Ninth Circuit, some First Circuit case law, and two Fifth Circuit cases, including United States v. James, 590 F.2d 575 (5th Cir. 1979) (as in James hearing), the defendant seeks a pretrial hearing to determine the admissibility of co-conspirator statements. The court must find that a preponderance of the evidence shows "that the declarant and the defendant were members of a conspiracy when the hearsay statement was made, and that the statement was in furtherance of the conspiracy...." United States v. Petrozziello, 548 F.2d 20, 23 (1st Cir. 1977), quoted in United States v. Fontánez, 628 F.2d 687, 689 (1st Cir. 1980); see also United States v. Martorano, 557 F.2d 1 (1st Cir. 1977). The procedure traditionally to be followed in this circuit, unlike some other circuits, is outlined in United States v.

CRIMINAL 03-270 (JAG)                              3

Ciampaglia, 628 F.2d 632, 638 (1st Cir. 1980).  Under Ciampaglia, the district court must make a final Petrozziello[3] determination on the record, at the close of all of the evidence, out of the hearing of the jury.  This method of not employing a pretrial hearing is still the law of the circuit.  See United States v. Bradshaw, 281 F.3d 278, 283-84 (1st Cir. 2002); cf. United States v. Artiza-Ibarra, 651 F.2d 2, 5 (1st Cir. 1981).  Therefore, the request for a pretrial hearing lacks merit.

      The defendant also raises the possibility of conflicting defenses if the statement to which he is alluding is allowed in evidence.  However, it is clear that in its designation of evidence, the United States includes evidence which may not all be used, and thus render moot a ruling at this time.  Rule 14 of the Federal Rules of Criminal Procedure provides in relevant part that "[i]f the joinder of offenses or defendants in an indictment, ... appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Fed. R. Crim. P. 14(a).  Although not insurmountable, a defendant requesting severance must satisfy a pretty high burden.  See United States v. Natanel, 938 F.2d 302, 308 (1st Cir. 1991) (explaining that severance under Rule 14(a) "is a difficult battle for a defendant to win").

---

[3] United States v. Pettrozziello, 548 F.2d 20 (1st Cir. 1977).  The defendant cites Petrozziello at page 23, footnote 3 as an example of what should be avoided.  It states:  "The judge insisted that the government present all its non-hearsay evidence first.  He then decided whether that evidence permitted reliance on the co-conspirator exception.  Nothing in the new rules or this opinion requires that the judge's meticulous approach be abandoned.  Although time-consuming, it avoids the danger that hearsay will be admitted in anticipation of a later showing of conspiracy that never materializes."

CRIMINAL 03-270 (JAG)                4

(quoting United States v. Boylan, 898 U.S. 230, 246 (1990)). The general rule is that absent a strong showing of prejudice, those indicted together should be tried together in order to prevent inconsistent verdicts and to conserve judicial and prosecutorial resources. United States v. Soto-Beníquez, 356 F.3d 1, 29 (1st Cir. 2003) (citing United States v. O'Bryant, 998 F.2d 21, 25 (1st Cir. 1993)); see also Zafiro v. United States, 506 U.S. 534, 537 (1993) (observing that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together"). Such a rule applies to co-conspirators who are customarily tried together. United States v. Perkins, 926 F.2d 1271, 1280 (1st Cir. 1991). In the end, the defendant must bear in mind that the decision to order severance is committed to the sound discretion of the trial court. United States v. Rodríguez-Marrero, 390 F.3d 1, 26 (1st Cir. 2004), cert. denied, 125 S. Ct. 1620 (2005).

In this case, since the defendant is claiming that severance should be granted given the government's possible use of his alleged co-conspirators' statements, I need to determine whether the admissibility of such statements at trial would violate his Sixth Amendment right to confrontation. In Crawford v. Washington, 541 U.S. 36 (2004), the Supreme Court held that where testimonial hearsay is at issue, the Sixth Amendment demands that if the witness is unavailable, the testimonial hearsay is not admissible unless there was a prior opportunity to cross-examine. Id. at 68. The Court reasoned that "the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes:

CRIMINAL 03-270 (JAG)                    5

confrontation." Id. at 69. As noted by the First Circuit, Crawford v. Washington "changed the legal landscape for determining whether the admission of certain hearsay statements violates the accused's right to confront witnesses." Horton v. Allen, 370 F.3d 75, 83 (1st Cir. 2004), cert. denied, 125 S. Ct. 971 (2005). It abrogated the prior rule by the Court that the admission of hearsay does not violate the Sixth Amendment if the statement of the unavailable declarant fell under a firmly rooted exception to the hearsay rule or otherwise had particularized guarantees of trustworthiness. Id. (quoting Ohio v. Roberts, 448 U.S. 56, 66 (1980)).

The defendant also cites Bruton v. United States, where the Court held that in a joint trial, if the court admits the statement of a defendant confessing to a crime that implicates a co-defendant, the co-defendant may be deprived of his Sixth Amendment right because of his inability to force the confessing defendant to take the stand and be cross-examined. Bruton v. United States, 391 U.S. 123, 137 (1968); see also United-States v. López-López, 282 F.3d 1, 12 (1st Cir. 2002). Bruton applies to a co-defendant's confession that expressly implicates the defendant as his accomplice, leaving no doubt that the statement is powerfully incriminating. Richardson v. Marsh, 481 U.S. 200, 208 (1987). In such a case, a limiting instruction cannot cure the infringement to a defendants' confrontation rights. Bruton v. United States, 391 U.S. at 135-37; see also Gray v. Maryland, 523 U.S. 185, 192 (1998). I examine the nature of the statements at issue in this case

CRIMINAL 03-270 (JAG)                6

to determine if they involve the Sixth Amendment concerns raise by both <u>Crawford</u> and <u>Bruton</u>.  Severance can only be appropriate if these statements were to be admitted.  The statements of a co-defendant were made after that co-defendant was arrested.  He describes the defendant and identifies him in a photo spread of nine individuals.

With nothing more, it is clear that the statements are neither made during, nor in furtherance of the conspiracy, and that there is a serious <u>Bruton</u> issue should the United States seek to introduce them in a joint trial.  Whichever theory the government may have as to the admissibility of the post-arrest statements of a co-defendant, such theory needs to seek support without ignoring Rule 801(d)(2)(E) and <u>Bruton</u>.  If there is no supporting theory consistent with the Confrontation Clause, then the statements will be inadmissible.  Thus, the need for severance disappears.  In any event, the United States is put on notice and is to inform the court on or before the June 24, 2005 whether it intends to use the referred to statements.

The motion for a pretrial <u>James</u> hearing is denied.  The motion for severance is also denied.

At San Juan, Puerto Rico, this 21st day of June, 2005

S/ JUSTO ARENAS
Chief United States Magistrate Judge